UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**CHRISTINE DUTTWEILLER,**

                  **Plaintiff,**

          -v-                                   5:05-CV-886

**UPSTATE BUILDING MAINTENANCE COMPANIES, INC.;
EAGLE JANITORIAL INC.; EAGLE JANITORIAL SERVICES,
INC.; EAGLE BUILDING SERVICES INC.; LOCAL 200
UNITED SERVICE EMPLOYEES INTERNATIONAL UNION,
AFL-CIO,**

                  **Defendants.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:
Woodruff Lee Carroll P.C.
Woodruff L. Carroll, Esq., of Counsel
Galleries of Syracuse, 2nd Floor
441 South Salina Street
Syracuse, New York 13202
Attorney for Plaintiff

Primo, Primo & Kirwan, LLP
Terry J. Kirwan, Jr., Esq., of Counsel
7075 Manlius Center Road
East Syracuse, New York 13057
Attorneys for Defendant Eagle Janitorial, Inc.

Melanie Wlasuk, Esq.
1153 West Fayette Street, Suite 302
Syracuse, New York 13204
Attorney for Defendant Service Employees International
Union, Local 200 United

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      There are three motions before the Court: first, the motion (Dkt. No. 16) by defendant

Service Employees International Union, Local 200 United, to dismiss the complaint on the

grounds of lack of subject-matter jurisdiction and failure to state a claim, Fed. R. Civ. P.

12(b)(1),(6); second, the motion (Dkt. No. 18) by defendant Eagle Janitorial Inc. to dismiss the complaint on the same grounds; and third, the cross motion (Dkt. No. 21) by plaintiff for leave to amend the complaint, for a stay, and for discovery.

In support of their dismissal motions, defendants point out that plaintiff has not exhausted her administrative remedies because she has not obtained a right-to-sue letter from the Equal Employment Opportunities Commission ("EEOC"). Such a letter is a statutory prerequisite to suit under the Americans with Disabilities Act ("ADA," 42 U.S.C. § 12101 *et seq.*), or Title VII of the Civil Rights Act ("Title VII," 42 U.S.C. §2000e-5 *et seq*.). *See* 42 U.S.C. §§ 2000e-5(e)(1); 12117(a).

Plaintiff concedes that she has not yet obtained a right-to-sue letter. In her attorney's affidavit (Dkt. No. 20) she claims:

> The plaintiff has filed with the Human Rights Commission against the employer Eagle Janitorial and against the union SEIU as follows:
> a. On or about 11/4/05 I filed the charge of discrimination with New York Division of Human Rights against Eagle Janitorial Services. Receipt acknowledged March 24, 2006. \*\*\*
> b. On or about 11/4/05 I filed a charge of discrimination with the New York Division of Human Rights against the SEIU receipt acknowledged 3/24/06. \*\*\*

Plaintiff's counsel's affidavit states in paragraph 3:

> The complaint has three parts:
> Part 1: a breach of contract claim against the employer and Union
>     a) firing without proving just cause as required by the contract (Article IX)
>     b) breach of the clause requiring no discrimination based on handicap (Art VI/VII)
>     c) failure to arbitrate the contract (Art XXIV)
> Part 2: a claim against the Union for a failure to fairly represent the Plaintiff
>     1. failed to arbitrate the claim, investigate etc.
>     2. treated the Plaintiff different than other employees similarly situated (National Labor Relations Act 29 USC 151-169 and 29 USC 185)
> Part 3: a generic claim to catch remaining actions I may have not known about

>under state law (this can be dropped).
>
>There is no claim made under the EEOC specifically and any such claim is withdrawn pending such time as human rights finishes with the complaint.

Plaintiff's Memorandum of Law (Dkt. No. 20) in opposition to defendants' motions and in support of her cross motion makes clear that she does not presently assert any claim based on the ADA or Title VII.  For example, at page 7 of her Memorandum of Law, plaintiff states as follows:

>The Plaintiff has plead a complaint for breach of contract, failure to fairly represent the Plaintiff, discrimination by a Labor Union under the NLRA and Labor Manage[ment] Relations Act Section 301.
>
>The Defendant has attempted to misconstrue this despite repeated representations of counsel as an action under the ADA (American Disabilities Act) and then claimed that I have failed to comply with an act I was not even suing under. Then move for dismissal.
>\*\*\*
>[Defendants'] motions can only succeed if the only possible construction of the complaint is that this is a claim under the ADA. Nowhere does it claim to be that and such an interpretation is not reflected in the language of the complaint.

Accordingly, defendants' motions (Dkt. Nos. 16 and 18) are granted to the extent that the third "part" or "count" of the complaint (paragraphs 22 and 23 and the following unnumbered paragraph), sounding in employment discrimination under ADA, is dismissed without prejudice. The motions are otherwise denied.

Turning to plaintiff's cross motion (Dkt. No. 21) for leave to amend the complaint, for a stay, and for discovery, the Court notes that plaintiff does not clearly state whether she seeks to abandon her initial complaint and substitute therefor her "Proposed Amended Complaint with Proposed Redactions."  Rather, counsel simply states on page 11 of the Memorandum of Law: "[I]f the Court feels the pleadings are insufficient in any way the plaintiff will amend them."  In any event, the only difference between the initial complaint and the proposed amended complaint

is that the proposed amended complaint removes the third count. Inasmuch as the Court has already decided (with plaintiff's apparent acquiescence) to dismiss the third count, plaintiff's motion insofar as she seeks to serve an amended complaint is denied without prejudice. The case will proceed on the initial complaint, except that, as stated above, the third count is dismissed without prejudice.

Plaintiff has advanced no reasonable ground for a stay. Nor is there a basis for the Court to issue any discovery order at this time. The case shall follow the normal course of discovery.

It is therefore

ORDERED that the motion (Dkt. No. 16) by defendant Service Employees International Union, Local 200 United, is granted to the extent that the third count of the complaint (comprising paragraphs 22 and 23 and the following unnumbered paragraph) is dismissed without prejudice; and the motion is otherwise denied; and it is further

ORDERED that the motion (Dkt. No. 18) by defendant Eagle Janitorial Inc., is granted to the extent that the third count of the complaint (comprising paragraphs 22 and 23 and the following unnumbered paragraph) is dismissed without prejudice; and the motion is otherwise denied; and it is further

ORDERED that the cross motion (Dkt. No. 21) by plaintiff is denied without prejudice.

IT IS SO ORDERED.

November 20, 2006
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge